J. CHRISTOPHER JORGENSEN, ESQ.
STATE BAR NO. 5382
DIANA S. ERB, ESQ.
STATE BAR NO. 10580
LEWIS AND ROCA LLP
3993 Howard Hughes Pkwy., Ste. 600
Las Vegas, NV 89169
(702) 949-8200
(702) 949-8398/fax

Attorneys for Defendant,
The Bank of New York

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JOHN COX, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWALT, INC., ALTERNATIVE LOAN TRUST 2006-39CB, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-39CB; BANK OF AMERICA HOME LOANS SERVICING, LP; et al.,<br><br>Defendants. | Case:<br><br>**DEFENDANT'S PETITION FOR REMOVAL OF CIVIL ACTION** |

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:

The removing party, The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificate Holders CWALT, Inc., Alternative Loan Trust 2006-39CB, Mortgage Pass-through Certificates, Series 2006-39CB ("BONY" and/or "Defendant"), respectfully shows:

1.   BONY is a Defendant in the above-entitled action.

2.   That the above-entitled action was commenced in the Eighth Judicial District Court of the State of Nevada, in and for the County of Clark, and is now pending in that Court under the designated Case No. A602663, Department XIII.

3.   Process was served upon BONY on December 14, 2009.

4. This case involves claims by Plaintiff that the Defendants improperly processed, serviced and transferred his home mortgage loan.

This case is one of many that have recently been filed across the country by homeowners seeking to simply stall or delay foreclosure proceedings after the plaintiffs have long stopped making the required mortgage payments.

5. This Petition for Removal is timely and proper under 28 U.S.C. §1446(b) because it is being filed within thirty days after Defendant was served with a copy of Plaintiff's state court Complaint and within one year from when Plaintiff commenced his state court action.

6. Diversity jurisdiction under 28 U.S.C. §1332 exists because this action is between citizens of different states and/or countries and the amount in controversy exceeds $75,000.

7. Plaintiff is a citizen of Nevada. Defendants are foreign corporations.

8. The amount in controversy exceeds $75,000. Plaintiff is seeking to void the real estate contract he signed when he purchased his home. His Complaint is similar to many other complaints filed nationwide by homeowners facing foreclosure. Plaintiff's Complaint appears to allege that somehow the purchase money for the home, and subject to the mortgage contract, never actually changed hands. This type of complaint demonstrates a willful ignorance of how the act of borrowing money for a mortgage actually occurs.

9. The removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). If it is "'facially apparent' from the complaint that the plaintiff seeks damages sufficient to create federal jurisdiction, then the case should be remanded 'only if it appears to a legal certainty that the claim is actually for less than the jurisdictional minimum.'" *Davis v. Advanced Care Techs., Inc.*, 2007 U.S. Dist. LEXIS 32348 at *3 (E.D. Cal. 2007) (quoting *Singer*, 116 F.3d at 376); *see also Campbell v. Bridgestone/Firestone, Inc.*, 2006 U.S. Dist. LEXIS 16113 at *7 (E.D. Cal. 2006) (in products liability suit, amount-in-controversy

requirement was satisfied where plaintiff sought unspecified amount of compensatory damages for wage loss, hospital and medical expenses, general damages, and loss of earning capacity); *Yong v. Hyatt Regency Sacramento*, 2007 U.S. Dist. LEXIS 9492 at *3-4 (E.D. Cal. 2007) (where plaintiff asserted a discrimination claim seeking "compensatory damages, emotional distress damages, punitive damages, and attorneys fees," the amount in controversy was well above the jurisdictional requirement solely "by nature of [the plaintiff's] claims"). Here, given the damages sought by Plaintiff where Plaintiff is seeking to void a real estate contract, it is facially apparent from his Complaint that the amount in controversy exceeds $75,000.

10. This action may be properly removed to this Court under 28 U.S.C. §1441(a) because this Court has original jurisdiction over this action under 28 U.S.C. §§1332 and 1367, and because this action was commenced within the judicial district of the United States District Court for the District of Nevada.

11. Copies of all process, pleadings and other orders served upon BONY are attached hereto.

12. A true and correct copy of this Petition for Removal will be provided to Plaintiff and filed with the Clerk of the Eighth Judicial District Court of the State of Nevada, Department XIII.

WHEREFORE, Defendant prays that this action be removed.

DATED this 24 day of December, 2009.

LEWIS AND ROCA LLP

By _____
J. CHRISTOPHER JORGENSEN, ESQ.
3993 Howard Hughes Pkwy., Ste. 600
Las Vegas, NV 89169
Attorneys for Defendant The Bank of New York

444762

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document was made on the 24 day of December 2009 by depositing a copy for mailing, first class mail, postage prepaid, at Las Vegas, Nevada, to the following:

David J. Winterton, Esq.
Richard L. Doxey, Esq.
211 No. Buffalo Drive, Ste. A
Las Vegas, NV 89145
Attorneys for Plaintiff

/s/ Sue Soldt
an employee of Lewis and Roca LLP

**COMP**
DAVID J. WINTERTON, ESQ.
Nevada Bar No. 004142
RICHARD L. DOXEY, ESQ.
Nevada Bar No. 009005
DAVID J. WINTERTON & ASSOCIATES, LTD.
211 No. Buffalo Drive, Suite A
Las Vegas, Nevada 89145
(702) 363-0317

Attorneys for Plaintiffs

**FILED**
OCT 2 9 2009
CLERK OF COURT

**RECEIVED**
DEC 1 4 2009
THE BANK OF N.Y. MELLON
LEGAL DEPT.

DISTRICT COURT

CLARK COUNTY, NEVADA

JOHN COX an individual;

    Plaintiff,

vs.

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWALT, INC., ALTERNATIVE LOAN TRUST 2006-39CB, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-39CB; BANK OF AMERICA HOME LOANS SERVICING, LP; DOES I through X and ROES XI through XX

    Defendants.

Case No.: A-09-602663-C
Dept. No.: XIII

**COMPLAINT**

[Arbitration Exempt–Title to Real Property]

    COMES NOW, Plaintiff, JOHN COX, an individual, by and through counsel, David J. Winterton & Assoc., Ltd., hereby submits this Complaint against Defendants, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWALT, INC., ALTERNATIVE LOAN TRUST 2006-39CB,) MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-39CB; BANK OF AMERICA HOME LOANS SERVICING, LP; DOES I through X and ROES XI through XX and represents the following to this Honorable Court:

**NATURE OF ACTION**

1. This Complaint if for breach of contract, fraud and misrepresentation.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action under § 6, article 6 of the Nevada Constitution.

3. This Court has jurisdiction over this matter pursuant to N.R.S. 4.370.

4. Venue is proper in this Judicial District under N.R.S. § 13.010 and 13.040.

**PARTIES**

5. The following are real parties of interest pursuant to N.R.C.P. Rule 17 and have been authorized to bring this cause of action.

6. Plaintiff, JOHN COX (hereinafter "Cox") is an individual who at all times relevant was residing Clark County Nevada.

7. Defendant, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWALT, INC., ALTERNATIVE LOAN TRUST 2006-39CB, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-39CB ("Mellon Bank") has at all time relevant herein handled or owned loan(s) and thus doing business in Clark County Nevada.

8. Defendant, BANK OF AMERICA HOME LOANS, (hereinafter "Bank of America") is an entity to at all times relevant herein was doing business in Clark County, Nevada.

9. The true names and capacities of Defendants sued herein as DOES I through X, inclusive, and each of them, are unknown to Plaintiffs, who therefore sues said Defendants by such fictitious names. Plaintiffs will seek to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants when the same have been fully ascertained.

10. The true names and capacities entity Defendants sued herein as ROES XI through XX, inclusive, and each of them, are unknown to Plaintiffs, who therefore sues said Defendants by such fictitious names. Plaintiffs will seek to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants when the same

have been fully ascertained.

**GENERAL ALLEGATIONS**

11. On or about September 26, 2006, Mr. Cox purchased a certain piece of property located at 8132 Southern Comfort Avenue, Las Vegas, NV 89131. (hereinafter "Property").

12. On or about September 28, 2009, Mr. Cox obtained a loan from DHI Mortgage Company Limited.

13. On or about March 12, 2009, Mortgage Electronic Registration System filed a Default against Cox.

14. On or about March 17, 2009, there was a substitution of Trustee from Mortgage Electronic Registration System to Reconstruct Company NA.

15. There is no recorded interest to the sale of Bank of America.

16. On or about June 18, 2009, there was a Notice of the Trustee's Sale Date.

17. On or about July 16, 2009, Cox entered into a Home Affordable Modification Trial Period Plan with Bank of America Home Loans Servicing LP.

18. Mr. Cox was informed that the foreclose had been stayed.

19. On or about July 17, 2009, Bank of America foreclosed on the Property.

20. On or about July 17, 2009, there was an assignment from Bank of America to Mellon Bank.

21. Mellon Bank appears to be the holder of the foreclosed assets of Bank of America.

22. The Home Affordable Modification Trial Period Plan required payment to be made as follows:

| Payment | Amount | Due Date |
| --- | --- | --- |
| 1 | $2,216.50 | August 2, 2009 |
| 2 | $2,216.50 | September 2, 2009 |
| 3 | $2,216.50 | October 1, 2009 |

23. Cox complied with each and every term of the Home Affordable Modification Trial Period Plan and made the payments.

24. Bank of America accepted each and every one of the payments made by Cox.

## FIRST CAUSE OF ACTION

(Fraud)

25. Plaintiff reallege each and every one of the foregoing paragraphs numbered 1 through 24, and incorporate them herein by reference.

26. Bank of America made the representation that it would continue the foreclosure while Cox worked on a Home Affordable Modification Trial Period Plan.

27. Bank of America represented that the Property had not been foreclosed upon and Cox made payment pursuant to the Home Affordable Modification Trial Period Plan.

28. Bank of America accepted the payments that were made by fraud and/or the foreclose was obtained by fraud in that they stated they would stop the foreclose.

29. Cox relied upon the representations of Bank of America.

30. If Cox did not know that the foreclosure was not stopped, he would have filed bankruptcy and saved his home.

31. Cox has now lost the title to his home and has lost the money that was paid for the monthly payments obtained by fraud.

32. Cox has now been damaged in excess of $10,000.00.

## SECOND CAUSE OF ACTION

(Breach of Contract)

33. Plaintiff reallege each and every one of the foregoing paragraphs numbered 1 through 32, and incorporate them herein by reference.

34. Bank of America entered into a Home Affordable Modification Trial Period Plan with Cox.

35. Bank of America agreed to stop the foreclosure and that the "Servicer will suspend any scheduled foreclosure state, provided I (Cox) continue to meet the obligation under this Plan,...".

36. The foreclosure was not suspended and Bank of America breached their contract.

37. As a result of the breach, Cox has been damaged in excess of $10,000.00.

38. Further, Plaintiff's request attorney fees and costs in this matter.

### THIRD CAUSE OF ACTION

(Misrepresentation)

39. Plaintiff reallege each and every one of the foregoing paragraphs numbered 1 through 38, and incorporate them herein by reference.

40. Bank of America made the representation that it would continue the foreclosure while Cox worked on a Home Affordable Modification Trial Period Plan.

41. Bank of America represented that the Property had not been foreclosed upon and Cox made payment pursuant to the Home Affordable Modification Trial Period Plan.

42. Bank of America accepted the payments that were made by fraud and/or the foreclose was obtained by fraud in that they stated they would stop the foreclose.

43. Cox relied upon the representations of Bank of America.

44. If Cox did not know that the foreclosure was not stopped, he would of filed bankruptcy and saved his home.

45. Cox has now lost the title to his home and has lost the money that was paid for the monthly payments obtained by fraud.

46. Cox has now been damaged in excess of $10,000.00.

### FOURTH CAUSE OF ACTION

(Quiet Title)

47. Plaintiff reallege each and every one of the foregoing paragraphs numbered 1 through 46, and incorporate them herein by reference

48. Based upon the above facts, the Plaintiff requests that title to the Property should be changed back to Cox.

49. The title to the Property cannot pass based upon Fraud or Misrepresentation.

50. The title should now be quieted and placed back into Cox's name.

### FIFTH CAUSE OF ACTION

(Injunction)

51. Plaintiff reallege each and every one of the foregoing paragraphs numbered 1 through 50,

and incorporate them herein by reference

52. The Plaintiff has been forced to retain legal counsel in this matter and is entitled to receive their attorney fees and costs.

WHEREFORE, Plaintiff prays for the following relief from Defendants:

1. For general and compensatory and consequential damages in excess of $10,000.00;
2. For the Property to be placed back into Cox's name;
3. For ancillary damages including attorney's fees and costs;
4. For any other equitable or legal relief that the court deeds appropriate;

DATED this 2?  day of October, 2009

DAVID J. WINTERTON & ASSOC., LTD.

By: _____
DAVID J. WINTERTON, ESQ.
Nevada Bar No. 004142
RICHARD L. DOXEY, ESQ.
Nevada Bar No. 009005
211 N. Buffalo Drive, Suite A
Las Vegas, Nevada 89145

SUM
DAVID J. WINTERTON, ESQ.
Nevada Bar No. 004142
RICHARD L. DOXEY, ESQ.
Nevada Bar 009005
DAVID J. WINTERTON & ASSOC.
211 N. Buffalo Dr. Ste. A
Las Vegas, Nevada 89145
(702) 363-0317



RECEIVED
DEC 14 2009
THE BANK OF N.Y. MELLON
LEGAL DEPT.

**DISTRICT COURT**
**CLARK COUNTY NEVADA**

| | |
|---|---|
| JOHN COX an individual;<br><br>Plaintiff,<br><br>vs.<br><br>THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWALT, INC., ALTERNATIVE LOAN TRUST 2006-39CB, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-39CB; BANK OF AMERICA HOME LOANS SERVICING, LP; DOES I through X and ROES XI through XX<br><br>Defendants. | Case No. A-09-602663-C<br><br>Dept. No. XIII<br><br>SUMMONS |

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT:** A civil Complaint has been filed by the plaintiff against you for the relief set forth in the Complaint.

**BANK OF NEW YORK MELLON FKA THE BAN KOF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWALT, INC., ALTERNATIVE LOAN TRUST 2006-39CB, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-39CB**

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:

    a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

    b. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at the direction of:

DAVID J. WINTERTON & ASSOC., LTD.
By: _____
DAVID J. WINTERTON, ESQ.
Nevada Bar No. 004142
David J. Winterton & Assoc.
211 N. Buffalo Dr. Ste. A
Las Vegas, Nevada 89145
(702) 363-0317

MARY ANDERSON          OCT 29 2009
By: _____
Deputy Clerk
Regional Justice Center
200 Lewis Avenue
Las Vegas, Nevada 89115

(DISTRICT COURT SEAL)

**NOTE:** When service is publication, add a brief statement of the object of the action.
See Rules of Civil Procedure, Rule 4(b)